# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – DAYTON

| | | |
|---|---|---|
| **IN RE:** | : | Case No. 19-32052 |
| | : | |
| **BRUCE W. HARNISH** | : | Chapter 7 |
| | : | |
| **Debtor.** | : | Judge Guy R. Humphrey |
| | : | |

## DEBTOR'S RESPONSE IN OPPOSITION TO THE HUNTINGTON NATIONAL BANK'S MOTION FOR RELIEF [Doc. 12]

Based on the arguments set forth herein, as well as any argument and/or evidence presented at any hearing on the Motion, the Motion for Relief [Doc. 12] filed by Movant The Huntington National Bank ("Movant") should be denied. While Debtor does not deny that Movant is owed its claimed sum and that no payments have been made thereon, Debtor contends that those facts, standing alone, are insufficient for this Court to grant the Motion.

In support of his response, Debtor states as follows:

### Argument

1. Section 362(d) of the Bankruptcy Code permits relief from the automatic stay (1) for cause, including lack of adequate protection, or (2) with respect to an action against property if the debtor does not have equity in the property. 11 U.S.C. § 362(d)(l),(2). Movant cannot establish cause as required by Section 362(d)(l). Moreover, Movant cannot establish a lack of equity, as required by Section 362(d)(2). Accordingly, Movant is not entitled to relief from the automatic stay and its Motion must be denied.

    **a. Movant Fails to Establish Cause for Relief from Stay Pursuant to Section 362(d)(l)**

2. In its Motion, Movant argues that there is cause to lift the stay because it is without adequate protection. Movant, however, has adequate protection, since there is an equity cushion in the Property.

3. Under Section 362(d)(l), the Court may grant relief from stay "for cause, including the lack of adequate protection of an interest in property " 11 U.S.C. § 362(d)(l). Adequate protection may be provided in various forms, including cash payments, a replacement lien, or an equity cushion. An equity cushion may adequately protect a secured lender's interest in collateral if there is a sufficient cushion above the amount owed to the secured creditor "that will shield that interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect."  *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y.2008) (internal citations omitted); *In re American Sunlake Ltd. P'shp.*, 109 B.R. 727, 733 (Bankr. W.D. Mich. 1989).

4. The value of the real property will not be determined through its forced, liquidation sale.  The value of the real property can best be determined through a consensual sale of the property through a professional real estate broker.

5. Movant's assertion of value is based on the Auditor's valuation.  Debtor has scheduled the property with a value of $342,500.00.

6. Accordingly, since Movant has adequate protection, it cannot demonstrate that there is cause to lift the stay.

    b. **Movant Fails to Establish that the Debtor Does Not Have Equity in the Property, Or that the Property is Unnecessary** to **Effective Reorganization, Pursuant to Section 362(d)(2)**

7. Movant states that it is entitled to relief from the automatic stay pursuant to

Section 362(d)(1). (Motion at ¶ 7.) However, in order to gain relief from stay under Section 362(d)(1), Movant must establish that (1) the debtor does not have equity in such property, and (2) such property is not necessary to the effective reorganization. 11 U.S.C. § 362(d)(2). Section 362(d)(2) is written in the conjunctive; therefore, both elements must be met in order to obtain relief.  Movant will be unable to satisfy both elements and, therefore, the Motion should be denied.

WHEREFORE, the Debtor requests that this Court enter an Order, after a hearing and based on the evidence and argument presented at the hearing on the Motion, (i) denying the Motion of Movant for entry of an order terminating the automatic stay; (ii) sustaining the Objection of the Debtor to the Motion; and (iii) for such other and further relief as is just and equitable.

Respectfully submitted,

/s/ William B. Fecher
William B. Fecher (0039240)
STATMAN, HARRIS & EYRICH, LLC
35 E. 7th Street, Suite 315
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 – fax
wbfecher@statmanharris.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, a true and accurate copy of the foregoing Response was served on the all registered ECF participants, **electronically** through the Court's ECF System at the email address registered with the Court.

/s/ William B. Fecher
William B. Fecher (0039240)